UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60075-CIV-COHN/SELTZER

BARBARA BRENNER,

    Plaintiff,

vs.

CUMBERLAND FARMS, INC.,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand [DE 15]. The Court has carefully considered the Motion, Defendant Cumberland Farms, Inc.'s Response in Opposition [DE 21], and Plaintiff's Reply [DE 22]. For the reasons below, Plaintiff's Motion is granted.

## I. BACKGROUND

This is a run-of-the-mill slip-and-fall case. Plaintiff claims that, on August 13, 2011, she was injured when she slipped on some water and fell while on Defendant's premises. On February 9, 2012, Plaintiff sued Defendant for negligence in state court. In her complaint, Plaintiff alleged damages in excess of $15,000.00—the threshold for Florida circuit court jurisdiction. See FLA. STAT. §§ 34.01 & 26.012 (2014). This prompted Defendant to serve a request for admissions, asking Plaintiff to admit that her claimed damages did, in fact, exceed $75,000. See DE 15-2. Plaintiff admitted that they did. Id. Based on this admission and the parties' diversity, on June 19, 2012,

Defendant removed the case to federal court.  See Brenner v. Cumberland Farms, Inc., No. 12-CV-61230-ROSENBAUM (S.D. Fla. June 19, 2012).

On December 20, 2012, Plaintiff filed an unopposed motion to dismiss her complaint without prejudice.  Id. at DE 28, p.5.  Plaintiff explained that she was still receiving treatment for her injuries and had not yet "reached maximum medical improvement." Id. at 2.  Nor did she or her doctor (as evidenced by his affidavit) anticipate that she would do so by the time of her then-scheduled trial.  Id.  Accordingly, Plaintiff asked the Court to dismiss her case without prejudice so that she could refile it at a later date once she had achieved maximum medical improvement.  Id. at 3.  The Court obliged and dismissed her case without prejudice that same day.

As anticipated, on September 3, 2013, Plaintiff re-filed her negligence action against Defendant in state court.  See DE 4.  Defendant was served with the new complaint on October 9, 2013.  DE 1.  In her new complaint, Plaintiff once again alleged only enough damages to get her case into Florida circuit court—i.e., "damages in excess of Fifteen Thousand ($15,000.00) Dollars." DE 4-1.  Defendant once again served a request for admissions, asking Plaintiff to admit that her claimed damages *in her new case* exceeded $75,000.  See Defendant's Request for Admissions [DE 4-5]. On December 11, 2013, Plaintiff admitted as much.  See Plaintiff's Response to Request for Admissions [DE 4-8].  Based on this new admission and the parties' diversity, Defendant removed the instant case to this Court on January 11, 2014.  Id.

Plaintiff now moves the Court to remand this case back to the state court.  As grounds, Plaintiff contends that Defendant's removal was untimely because it was filed outside the 30-day time limit in 28 U.S.C. § 1446(b).  According to Plaintiff, Defendant

2

could have "intelligently ascertained" that this case was removable the day that her new complaint was served—October 9, 2013—because this case is virtually identical to her 2012 case in which she previously admitted that her damages exceeded $75,000. Yet Defendant did not remove this case until January 11, 2014—over ninety days later.

In response, Defendant argues that its removal was timely. Defendant contends that it could not determine from the face of Plaintiff's new complaint whether her claimed damages met the amount in controversy requirement for diversity jurisdiction. Thus, according to Defendant, the 30-day clock did not start to run until December 11, 2013— the date it received Plaintiff's admission that her claimed damages *in this case* exceeded $75,000.

## II. DISCUSSION

As a general rule, 28 U.S.C. § 1446(b)(1) requires a defendant to remove a state court action to federal court within 30 days after being served with the "initial pleading." 28 U.S.C. § 1446(b)(1). There is an exception to this rule, however, when the case framed by the initial pleading is not removable on its face:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Id. § 1446(b)(3).

Here, the Court agrees with Defendant that Plaintiff's new complaint was not removable on its face. To be clear, Plaintiff only alleged an unspecified amount of damages "in excess of Fifteen Thousand ($15,000.00) Dollars." DE 4-1. Nowhere in her new complaint did Plaintiff allege damages in excess of $75,000. Id. Moreover, the

3

fact that Plaintiff had previously admitted that her damages exceeded $75,000 in her 2012 case is beside the point.  An admission that a party sought a certain amount of damages in a prior case does *not* equate to an admission that the party seeks the identical amount of damages in a later case, even if the underlying claims are virtually identical.  This is because judicial admissions are normally "binding for the purpose of the case in which the admissions were made, not in separate and subsequent cases." Cooper v. Meridan Yachts, Ltd., 575 F.3d 1151, 1178 n.17 (11th Cir. 2009) (quotation marks and citation omitted).

Furthermore, as Defendant points out, Plaintiff is "the master of the complaint," Caterpillar, Inc. v. Williams, 482 U.S. 386, 398-99 (1987), and has the right to choose how to fight her battle.  For all Defendant knows, Plaintiff could have had some strategic reason for seeking less than $75,000 in damages *in this case*, such as dodging diversity jurisdiction.  But without specific allegations of damages, there was no way for Defendant to intelligently ascertain whether Plaintiff's claimed damages *in this case* satisfied the amount in controversy threshold until she admitted as much.  The Court, therefore, cannot fault Defendant for waiting until it had received Plaintiff's admission *in this case* to file its notice of removal, as Defendant bore a "heavy" burden to establish removability.  See Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc., 436 Fed. App'x 888, 890 (11th Cir. 2011).

Having concluded that Defendant's removal is not hamstrung by Plaintiff's prior admission in her 2012 case, the Court turns to Plaintiff's contention that Defendant's removal was untimely.  In this case, Defendant could have first ascertained that Plaintiff's damages exceeded $75,000 on December 11, 2013—the day it was served

with Plaintiff's response to its request for admissions via the Florida ePortal.  See DE 4-8.  Under § 1446(b)(3), Defendant had 30 days from that date—i.e., until January 10, 2014—to remove this case.  But Defendant did not do so until January 11, 2014.  See DE 1.  Strictly construing the 30-day time limit in the removal statutes, as required, City of Vestavia Hills v. Gen. Fidelity Ins. Co., 676 F.3d 1310, 1313 (11th Cir. 2012), this is one day too late.  Defendant's removal, therefore, was untimely.

## III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion to Remand [DE 15] is **GRANTED**;

(2) The case shall be **REMANDED** to the Seventeenth Judicial Circuit in and for Broward County, Florida;

(3) The Clerk of the Court is hereby directed to forward a certified copy of this Order to the Clerk of the Seventeenth Judicial Circuit in and for Broward County, Florida, Florida, Case No. 13-020163; and

(4) The Clerk of the Court shall **CLOSE** this case and **DENY** all other pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of April, 2014.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.